Case 5:06-cv-01108-CJC-FMO   Document 22   Filed 03/07/08   Page 1 of 3   Page ID #:141

FILED
CLERK, U.S. DISTRICT COURT

MAR - 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBBIE BERGQUIST,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | NO. ED CV 06-1108 CJC (FMO)<br><br>**ORDER ADOPTING FINDINGS,<br>CONCLUSIONS AND RECOMMENDATIONS<br>OF UNITED STATES MAGISTRATE JUDGE** |

## INTRODUCTION

On October 6, 2006, plaintiff filed a Complaint seeking review of the denial by the Commissioner of the Social Security Administration ("Commissioner") of her application for Disability Insurance Benefits, pursuant to Title II of the Social Security Act. 42 U.S.C. § 405(g). On January 2, 2008, the parties filed a Joint Stipulation.

On February 19, 2008, the Magistrate Judge issued his Report and Recommendation ("R&R"), recommending that the matter be remanded for further administrative proceedings. (R&R at 1 & 18). On March 4, 2008, defendant filed "Objections to Report and Recommendation of the Magistrate Judge" ("Objections").

## DISCUSSION

Although the Court has considered defendant's Objections and finds them to be unpersuasive, the Court will address those portions of defendant's Objections that the Court

believes mischaracterize the Magistrate Judge's R&R. For example, defendant contends that "the [R&R] found that the ALJ had a duty to develop the record by recontacting Plaintiff's treating sources and requesting clarification of their opinions." (Objections at 7). The R&R, however, does not find that the ALJ erred in failing to recontact plaintiff's treating physicians. Rather, in pointing out that the ALJ erred in rejecting the treating physicians' opinions on the basis that there is no evidence that plaintiff's limitations lasted for 12 consecutive months, the R&R states that there was medical evidence in the treating physicians' records that plaintiff's limitations met the durational requirement. (R&R at 12). The R&R went on to state that, even assuming the records were unclear, the ALJ had a duty to recontact the treating physicians to clarify any ambiguity. (Id. at 12-13).

In addition, defendant argues that the R&R's "instructions to the ALJ directing further development of the record, including ME testimony, and suggesting that the ALJ recontact the treating sources, could produce new evidence, including clarification of the treating sources opinions, contradicting the opinion evidence that the [R&R] would require the ALJ to accept as true. The result could be factually and legally absurd." (Objections at 8-9). However, the R&R does not require the ALJ to recontact plaintiff's treating sources. (See R&R at 12-13). Further, the ME testimony will be based on the treating physicians' opinions, which are to be credited as true. (See id. at 16-17). Thus, the R&R does not direct the ALJ to consider any new evidence that could contradict the treating physicians' opinions.

Finally, defendant maintains that the R&R's remand instructions are contradictory because crediting plaintiff's treating physicians' opinions as true forecloses the need to reassess plaintiff's RFC. (Objections at 8). These two instructions, however, are not inconsistent. The ALJ must first credit the treating physicians' opinions as true and then, in light of those opinions, reassess plaintiff's RFC. (See R&R at 16-17). Of course, if based on the ME's opinions, the ALJ determines at step three that plaintiff's impairments meet or medically equal any of the listings set forth in the Social Security regulations, a finding of disability is required, see 20 C.F.R. § 404.1520(a)(4), and the ALJ will not need to reassess plaintiff's RFC.

///

## CONCLUSION

Based on the foregoing and pursuant to 28 U.S.C. § 636, the Court has reviewed the Joint Stipulation, all of the records herein, the Report and Recommendation of the United States Magistrate Judge, and the Objections to the Report and Recommendation. The Court has made a de novo determination of the portions of the Report and Recommendation to which Objections were directed. The Court concurs with and adopts the findings and conclusions of the Magistrate Judge. Accordingly, IT IS ORDERED THAT:

1. Judgment shall be entered reversing the decision of the Commissioner denying benefits and remanding the matter for further administrative action consistent with the Report and Recommendation, filed on February 19, 2008, and this Order.

2. The Clerk shall serve copies of this Order and the Judgment herein on the parties.

DATED: March 7, 2008.

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE